MEMORANDUM *
Plaintiff Sarkis Karunyan appeals the district court’s grant of Defendants’ motion to dismiss his complaint arising from his arrest on charges of Medicare fraud. Reviewing de novo, N.M. State Inv. Council v. Ernst & Young LLP, 641 F.3d 1089, 1094 (9th Cir.2011), we reverse and remand.
1. The district court properly exercised subject matter jurisdiction because Karu-nyan’s claims do not arise under the Medicare Act. See Do Sung Uhm v. Humana, Inc., 620 F.3d 1134, 1141 (9th Cir.2010).
2. The district court erred in granting qualified immunity to Defendant Special Agent Lauren Hanover on the wrongful arrest claim under 42 U.S.C. § 1983. Taking the allegations of material fact as true, as we must at this procedural stage, Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir.2001),[1] it was unreasonable for Hanover to conclude that “there was a fair probability that [Karunyan] had committed a crime,” Grant v. City of Long Beach, 315 F.3d 1081, 1085 (9th Cir.2002) (internal quotation marks omitted). To have probable cause that Karunyan had engaged in the fraudulent criminal behavior at issue, Hanover was required to have probable cause not only with respect to the bare existence of an act of fraud, but also with respect to Karunyan’s specific intent to defraud. Rodis v. City of San Francisco, 558 F.3d 964, 969 (9th Cir.2009). The facts as alleged do not permit such a conclusion.
At the time of Karunyan’s arrest, Hanover knew only that suspicious Medicare sales had occurred in California nearly a year earlier, that a third-party billing entity had billed for those sales on behalf of Karunyan’s company, but that Karunyan’s company had not collected on those sales. Indeed, his company had done no business in California, and the defrauded customers had never heard of Karunyan’s company.[2] A reasonable officer would have been alert to the need to conduct further investigation to reconcile those facts, yet Hanover allegedly failed to investigate why Karu-nyan’s company had not collected on the sales. In these circumstances, it was unreasonable for Hanover to conclude that there was probable cause that Karunyan specifically intended to engage in fraudulent criminal behavior.
3.The district court also erred by dismissing the claim of bad faith failure to collect potentially exculpatory evidence under 42 U.S.C. § 1983. See Miller v. Vasquez, 868 F.2d 1116, 1120 (9th Cir.1989) (“[A] bad faith failure to collect potentially *565 exculpatory evidence would violate the due process clause.”). Potentially exculpatory evidence — that Karunyan immediately had returned the funds to the billing entity months earlier — was readily available to Hanover, yet he allegedly failed to collect that evidence. Moreover, taking the allegations as true, Sprewell, 266 F.3d at 988, at the time of the arrest, apparently without any evidence of its truthfulness, Hanover accused Karunyan of being involved in criminal activity by Russian-Armenians in Los Angeles. Failure to collect potentially exculpatory evidence, coupled with a potentially prejudicially motivated arrest, is sufficient to constitute a § 1983 claim. Miller, 868 F.2d at 1121.
4. Finally, the district court erred in dismissing the claims against Defendant United States. The district court dismissed those claims for the reason that probable cause supported Karunyan’s arrest. As noted above, that reason is erroneous. Accordingly, the district court’s dismissal of the claims against Defendant United States is, likewise, erroneous.
REVERSED and REMANDED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9 th Cir. R. 36-3.

. We express no view, on the merits of any of Plaintiffs claims; we hold only that the complaint, as now pleaded, withstands a motion to dismiss.

. As it turned out, months before the arrest, Karunyan had returned the money promptly to the billing entity, explaining that it had wrongly billed under the Medicare Provider number of Karunyan’s company. At the time of the arrest, that error was known not only by the third-party billing entity, Karunyan’s company, and Karunyan himself — but also by Hanover's own agency.